UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ORLEANS PARISH SCHOOL BOARD | CIVIL ACTION |
| VERSUS | NO. 06-6328 |
| LEXINGTON INSURANCE CO., ET AL. | SECTION "N" |

## ORDER AND REASONS

On November 29, 2006, after hearing oral argument, this Court denied Plaintiff's Motion to Remand (Rec. Doc. No. 8) without prejudice to Plaintiff's right to amend its petition with respect to the non-diverse defendants. *See* November 29, 2006 Minute Entry (Rec. Doc. No. 24); Hearing Transcript at 22 (Rec. Doc. No. 42). Similarly, on December 11, 2006, the Court dismissed Plaintiff's and Intervenors' claims against the non-diverse defendants, Aon Risk Services, Inc. of Louisiana ("Aon") and James Lawler ("Lawler"), without prejudice to Plaintiff's and Intervenors' rights to amend their petitions with respect to these defendants. *See* December 11, 2006 Order (Rec. Doc. No. 31). On March 15, 2007, the Court granted Plaintiff's motion seeking leave to file a Second Supplemental and Amending Petition. *See* March 15, 2007 Order (Rec. Doc. Nos. 65-66).

Having considered the Second Supplemental and Amending Petition, the Court finds that the allegations made therein clarify the negligence claims that were generally and inartfully pled against Aon and Lawler in the original Petition for Damages and the First Amended and

Supplemental Petition.[1]  Under these circumstances, the Court concludes that, at a minimum, Aon has not been improperly joined as a defendant to this action.[2]  Because Aon is a non-diverse defendant, the Court does not have diversity of citizenship subject matter jurisdiction and, therefore, must remand this matter to state court.  *Cf.*  28 U.S.C. §1447(e) (directing remand to state court if federal court allows a post-removal joinder of additional defendants whose presence destroys subject matter jurisdiction);  *see also Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 265 & n.18 (5th Cir. 1995) (refusing to consider a proposed post-removal amendment that did *more* than clarify an ambiguous state court complaint).

Alternatively, for similar reasons and in an abundance of caution, the Court grants Plaintiff's Motion for Reconsideration or Alternatively to Certify Judgments as Appealable Judgments and to Stay all Proceedings (Rec. Doc No. 34) to the extent that the motion seeks remand of this action to state court.  Viewed in Plaintiff's favor, the evidence presented in connection with the motion to remand, particularly including the March 2006  Lexington denial letters and the Lawler Declaration,[3] adequately clarifies the negligence claim regarding Business Interruption coverage, and related omissions from the Statement of Values, that was generally and inartfully pled against Aon and Lawler in the original Petition for Damages and First Amended and Supplemental Petition.  *See, e.g., Hart v. Bayer Corp.*, 199 F.3d 239, 249 & n.6 (5th Cir. 2000) (remanding case

---

[1]  Both of these pleadings were filed in state court prior to removal.

[2]  Given that the Court's present inquiry is one of jurisdiction, and Aon is a non-diverse defendant, the Court does not make a final determination as to whether defendant Lawler, an employee of Aon, may be held personally liable with respect to any of Plaintiff's claims.  That will be an issue for the state court to determine upon remand.

[3]  *See*  Exhibit 1 to Lexington Insurance Company's Opposition to Motion to Remand (Rec. Doc. No. 20);  Exhibits 2 and 3 to Plaintiff's Motion to Remand (Rec. Doc. No. 8).

in which allegations of deceit or deception were too conclusory to satisfy the specificity requirements of Rule 9(b) of the Federal Rules of Civil Procedure but could be remedied by amendment); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999) (post-removal affidavits may be considered in connection with a motion to remand to clarify or amplify the claims alleged in the state court petition).

Accordingly, for the reasons stated herein, **IT IS ORDERED** that this action is remanded to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __29th__ day of May 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**